CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 16 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRIS CARTY, ) | |
| Plaintiff, ) | Civil Action No. 7:11cv00536 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| J.C. D'ALIENANDRIN, ) | By: Samuel G. Wilson |
| Defendant. ) | United States District Judge |

Plaintiff, Chris Carty, a Virginia inmate proceeding *pro se*, brings this civil rights action under 42 U.S.C. § 1983, alleging that the defendant failed to provide him with adequate medical care. The court finds that Carty's allegations fail to state a claim upon which the court may grant relief, and, therefore, dismisses his action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Carty alleges that in 2007, after a "serious head injury," a physician in the Virgin Islands "diagnosed" Carty as requiring treatment for head trauma. Carty states that he was transferred to the Virginia Department of Corrections in August 2009, and that Dr. D'Alienandrin failed to provide him with adequate medical treatment for his head trauma. Consequently, his condition "remains unchanged" and at times he experiences headaches, pain over his eyes, vision loss, dizziness, and nausea. He also believes that he may have a tumor as a result of his head injury. Carty alleges that on August 25, 2011, he met with Dr. D'Alienandrin for a medical appointment. Carty claims that he requested a "neurological evaluation," including an MRI or CT scan, to see if he had a tumor, but Dr. D'Alienandrin denied his request.[1]

---

[1] Carty also acknowledges that he has made similar requests to other doctors and those requests were also denied.

## II.

Carty argues that Dr. D'Alienandrin's denial of Carty's request for a "neurological evaluation" demonstrates deliberate indifference to his serious medical need. However, the court finds that Carty's allegations amount to nothing more than a doctor-patient disagreement which is not actionable under § 1983. Therefore, the court dismisses his complaint.

To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that jail officials were deliberately indifferent to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 105 (1976); Staples v. Va. Dep't of Corr., 904 F.Supp. 487, 492 (E.D.Va. 1995). To establish deliberate indifference, a plaintiff must present facts to demonstrate that the defendant had actual knowledge of and disregard for an objectively serious medical need. Farmer v. Brennan, 511 U.S. 825, 837 (1994); see also Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis or course of treatment does not implicate the Eighth Amendment. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985); Russell, 528 F.2d at 319; Harris v. Murray, 761 F. Supp. 409, 414 (E.D. Va. 1990). Further, questions of medical judgment are not subject to judicial review. Russell, 528 F.2d at 319 (citing Shields v. Kunkel, 442 F.2d 409 (9th Cir. 1971)).

Carty concedes that he has been seen and evaluated by Dr. D'Alienandrin and that the doctor has determined that a neurological evaluation to search for a tumor is not necessary. Although he may disagree with the course of treatment he is receiving, his claim is nothing more than a doctor-patient disagreement, which is not actionable under the Eighth Amendment. Accordingly, the court finds that Carty has not demonstrated that the defendant acted with deliberate indifference and, thus, Carty has failed to state a constitutional claim.

## III.

For the reasons stated herein, the court dismisses Carty's action for failure to state a claim pursuant to § 1915(e)(2)(B)(ii).

**ENTER**: This 16th day of November, 2011.

_____
UNITED STATES DISTRICT JUDGE